Andrew P. Fishkin
Steven M. Lucks
FISHKIN LUCKS LLP
The Legal Center
One Riverfront Plaza, Suite 220
Newark, NJ 07102
(973) 536-2800
afishkin@FishkinLucks.com
slucks@FishkinLucks.com
Attorneys for Plaintiff
American General Life Insurance Company

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE PATRIC J. WALLACE INSURANCE TRUST, by and through its trustee, MARK WALLACE,<br><br>Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Civil Action No.:<br><br>*Document Electronically Filed* |

Plaintiff, American General Life Insurance Company, by and through its attorneys, files this Original Complaint against The Patric J. Wallace Insurance Trust, by and through its trustee, Mark Wallace, as follows:

## NATURE OF CASE

1. This is a declaratory judgment action brought against The Patric J. Wallace Insurance Trust seeking a declaration that the policy of life insurance bearing the number YM00724911 is null, void and rescinded *ab initio* due to the fraudulent, willfully false and/or material misrepresentations and omissions made on a life insurance application. This action,

seeking rescission of the above described life insurance policy, is brought pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201.

## PARTIES

2. American General Life Insurance Company ("American General") is a Texas insurance company authorized to transact the business of insurance in New Jersey. American General is organized under the laws of Texas and its principal place of business is located in Houston, Texas. As such, American General is a citizen of the state of Texas within the meaning and intent of 28 U.S.C. § 1332.

3. Upon information and belief, Defendant The Patric J. Wallace Insurance Trust (the "Trust") is a trust organized under the laws of New Jersey, with its situs located at 130 Mountainside Road, Mendham, New Jersey 07945. Upon information and belief, the Trust's sole grantor is Patric Wallace. The Trust may be served through its trustee, Mark Wallace (the "Trustee"), at 130 Mountainside Road, Mendham, New Jersey 07945. Upon information and belief, Trustee Wallace is the Trust's sole trustee and is a citizen of New Jersey. As such, the Trust is a citizen of the state of New Jersey within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

4. This court has jurisdiction over all parties of this lawsuit under 28 U.S.C. §1332(a)(1) because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

5. American General is a corporation organized under the laws of Texas and has its principal place of business in Texas. As such, for diversity purposes, American General is a citizen of the state of Texas.

6. Upon information and belief, the Trust is organized under the laws of New Jersey, the situs of the Trust is in New Jersey and the sole Trustee is a resident of New Jersey. As such,

for diversity purposes, the Trust is a citizen of the state of New Jersey and is subject to the jurisdiction of this Court.

7. As American General, on the one hand, and the Trust, on the other hand, are situated in and citizens of different states, a diversity of citizenship exists. Additionally, as set forth more fully below, this case involves an adjudication of the rights and obligations under an insurance policy with a face amount far in excess of $75,000. Therefore, this Court has diversity jurisdiction by virtue of 28 U.S.C. § 1332.

8. This Court has jurisdiction over this declaratory judgment action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

9. Venue is proper for this action pursuant to 28 U.S.C. §1391 because the situs of the Trust is located in Morris County, and the insurance policy at issue is governed by New Jersey law. In addition, all or a portion of the events giving rise to the cause asserted herein occurred in the state of New Jersey.

## FACTUAL BACKGROUND

10. American General is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the state of New Jersey.

11. On or about August 25, 2010, Patric J. Wallace ("the Insured") and the Trust, by and through its Trustee, applied in writing (the "Application") to American General seeking the issuance of an insurance policy insuring the life of the Insured.

12. In completing the Application, the Insured and the Trust responded to a series of questions seeking material information regarding, among other things, the Insured's health and

medical history. In completing the Application, the Insured and the Trust knew that they were required to provide complete, accurate and honest answers to the questions presented on the Application. The Insured and the Trust also knew that American General would rely upon the answers recorded on the Application in determining whether the Insured was insurable and qualified for the insurance sought through the Application.

13. The Insured and the Trust responded to clear, direct questions seeking material information regarding the Insured's history of treatment, consultations and diagnosis of medical illnesses or diseases. The answers provided to certain of these questions were false and/or materially incomplete and were material to American General's acceptance of the risk assumed.[1]

14. The medical portion of the Application contained the following affirmation:

> I, the Proposed Insured signing below, agree that I have read the statements contained in this application and any attachments or they have been read to me. They are true and complete to the best of my knowledge and belief. I understand that this application: (1) will consist of Part A, Part B, and if applicable, related attachments including supplement(s) and addendum(s); and (2) shall be the basis for any policy and any rider(s) issued. I understand that any misrepresentation contained in this application and relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) such misrepresentation materially affects the acceptance of the risk; and (2) the policy is within its contestable period.

The Insured executed the medical portion of the Application on September 1, 2010.

15. On the basis of the statements and representations contained on the Application and in reliance upon the Insured's and Trust's complete candor, honesty and openness in disclosing information in response to the questions presented on the Application, American General issued policy number YM00724911 (the "Policy"), with an effective date of September

---

[1] Pursuant to federal privacy laws, the Federal Rules of Civil Procedure, and this Court's local rules, American General is not in a position to further elaborate on the exact nature of the material misrepresentations made to American General by the Trust and the Insured. If required at some later time, American General will file relevant materials under seal with the Court.

11, 2010. The Policy's death benefit is $1,000,000, and the Insured designated the Trust as the owner and beneficiary of the Policy.

16. The Insured and the Trust knowingly and intentionally made material misstatements of fact, failed to disclose and omitted material facts, and/or otherwise neglected to accurately, honestly and/or truthfully answer and disclose material information in response to the questions presented on the Application regarding the Insured's health and medical history. American General relied on these representations in assessing the risk and/or hazard to be assumed and did not know that these representations were false. Had the Insured and the Trust provided accurate responses on the Application, American General would not have issued the Policy or would have done so on materially different terms.

17. American General brings this action seeking rescission of the Policy and an order declaring the Policy void *ab initio*.

## COUNT I
## DECLARATORY JUDGMENT

18. American General incorporates herein each of its allegations contained in paragraphs 1–17 above.

19. Pursuant to the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201, American General seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the fraudulent, willfully false and/or material misrepresentations and omissions that the Insured and the Trust made on the Application.

20. These misrepresentations, omissions, concealment of facts and incorrect statements on the Application were: (1) fraudulent; (2) material either to the acceptance of the risk or to the hazard assumed by the American General; or (3) American General in good faith would either not have issued the Policy, or would not have issued it at the same premium rate, or

would not have issued the Policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the American General as required.

21.     Prior to commencing this declaratory judgment action, American General tendered a check to the Insured representing a full refund of the premiums paid for the Policy. To date, the premium refund check has not been cashed. Notwithstanding this, American General stands ready, willing, and able to refund or otherwise make payment of all or any portion of the premiums paid of the Policy as directed by the Court in accordance with American General's demand for rescission of the Policy and restitution of the parties to their pre-contract positions insofar as is possible and equitable.

22.     American General hereby fully and unconditionally tenders the Policy's premiums to the Court's registry.

WHEREFORE, due to the above-referenced fraudulent, willfully false and/or material misrepresentations, American General Life Insurance Company demands judgment against The Patric J. Wallace Insurance Trust as follows:

(a)     an order declaring and adjudging the Policy of life insurance bearing Policy Number YM00724911 to be null and void and rescinded, *ab initio*;

(b)     an order directing that American General deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any;

(c)     an order awarding American General its costs of suit and reasonable attorneys' fees; and

   (d) an order awarding such other relief as the Court deems equitable and just to American General.

Dated: November 30, 2011       FISHKIN LUCKS LLP

                By: /s/Steven M. Lucks
                   Steven M. Lucks

                The Legal Center
                One Riverfront Plaza, Ste. 220
                Newark, NJ 07102
                (973) 536-2800 (Telephone)
                (973) 679-4435 (Facsimile)
                E-mail: slucks@FishkinLucks.com

                Attorneys for Plaintiff
                American General Life Insurance Company

Of Counsel:

David T. McDowell
Jessica L. Wilson
EDISON, MCDOWELL & HETHERINGTON LLP
Phoenix Tower
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
(713) 337-5580 (Telephone)
(713) 337-8850 (Facsimile)
E-mail: david.mcdowell@emhllp.com
E-mail: jessica.wilson@emhllp.com